# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**TIMOTHY J. SULLIVAN**
**UNITED STATES MAGISTRATE JUDGE**

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 14, 2022

LETTER TO COUNSEL:

RE:   *Barbara E. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
      Civil No. TJS-21-559

Dear Counsel:

On March 4, 2021, Plaintiff Barbara E. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 11 & 14. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Barbara E. filed her application for DIB on July 17, 2018. Tr. 17. She alleged a disability onset date of July 13, 2018. *Id.* Her application was denied initially and upon reconsideration. *Id.* Barbara E. requested an administrative hearing, and a telephonic hearing was held on July 20, 2020, before an Administrative Law Judge ("ALJ"). Tr. 37-79. In a written decision dated August 5, 2020, the ALJ found that Barbara E. was not disabled under the Social Security Act. Tr. 14-36. The Appeals Council denied Barbara E.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-8.

The ALJ evaluated Barbara E.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Barbara E. had not engaged in substantial gainful activity since July 13, 2018, the alleged onset date. Tr. 20. At step two, the ALJ found that Barbara E. suffered from the following severe impairments: dysfunction of the right knee and ankle, migraine, depression, and anxiety/panic disorder. *Id.* At step three, the ALJ found that Barbara E.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On February 17, 2022, it was reassigned to Judge Hurson. On February 28, 2022, it was reassigned to me.

("Listings"). Tr. 20-22. The ALJ determined that Barbara E. retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except she is able to stand/walk up to four hours in an 8-hour workday. She is able to sit up to six hours in an 8-hour workday. She is able to adjust position every 45 minutes while remaining at or near the workstation or work area. She is occasionally able to climb ramps or stairs and never climb ladders, ropes or scaffolds. She is frequently able to balance or stoop. She is occasionally able to kneel, crouch or crawl. She is limited to occasional use of the right lower extremity for pushing/pulling or operation of foot controls. She is to avoid work at unprotected heights. She is able to understand and remember simple, routine instructions and carry out repetitive tasks. She is able to make simple, work-related decisions. She is able to deal with occasional changes in a routine work setting. She is able to have occasional interaction with co-workers and the general public.

Tr. 22.

At step four, the ALJ determined that Barbara E. was unable to perform past relevant work. Tr. 28. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Barbara E. can perform, including router, photocopy machine operator, and marker. Tr. 28-29. Accordingly, the ALJ found that Barbara E. was not disabled under the Social Security Act. Tr. 29-30.

Barbara E. argues that this case must be remanded for further proceedings because (1) the ALJ did not evaluate properly pertinent evidence; (2) the ALJ did not account for her moderate limitation in concentrating, persisting, or maintaining pace ("CPP") in the RFC assessment; (3) the ALJ did not explain how, despite her moderate limitation in CPP, she would be able to remain on task for 90% of an eight-hour workday; (4) the ALJ did not address adequately her migraine headaches; and (5) the ALJ did not properly evaluate her subjective complaints. ECF No. 11-1 at 6-21. For the reasons discussed below, however, these arguments are without merit.

First, Barbara E. contends that the ALJ did not address adequately her migraine headaches. ECF No. 11-1 at 11-15. According to Barbara E., the ALJ failed to include any limitation related to her migraine headaches in the RFC assessment and failed to address the frequency and duration of her headaches. *Id.* at 11-12. The ALJ, however, did consider the frequency and duration of Barbara E.'s migraine headaches in the ALJ's decision. Tr. 24. As the Acting Commissioner further points out, state agency medical consultants opined in their prior administrative medical findings that, because of Barbara E.'s migraine headaches, she had postural limitations, some of which the ALJ adopted in the RFC assessment (Tr. 22, 26-27). ECF No. 14-1 at 13-14 (citing Tr. 88-89, 105-06). Barbara E.'s argument is thus without merit.

Second, Barbara E. argues that the ALJ's RFC determination does not account for her moderate limitation in CPP, and thus runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d at 638. ECF No. 11-1 at 8-9. In *Mascio*, the Fourth Circuit held that "an ALJ does not account

'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

As part of the step three analysis, the ALJ found that Barbara E. had a moderate limitation in CPP. Tr. 21. In making this finding, the ALJ noted that Barbara E.'s reports of difficulty with concentrating and focusing conflicted with her treating sources' observations and her daily living activities. *Id.* The ALJ also discussed Barbara E.'s ability to concentrate, persist, or maintain pace later in his decision, noting the prior administrative medical findings of the state agency psychological consultants who opined that Barbara E. had a moderate limitation in CPP but could understand, remember, and carry out simple instructions, "maintain attention/concentration during the day with normal breaks," and "persist at simple tasks for two hour blocks to complete normal workday/workweek." Tr. 27, 86, 90, 103, 108. The ALJ found the consultants' opinions regarding Barbara E.'s moderate limitation in CPP to be persuasive because they were "generally consistent with the medical record as a whole" (Tr. 27). *See* 20 C.F.R. § 404.1520c.

The ALJ found that the RFC assessment was "supported by the minimal objective findings in evidence, the limited degree and conservative nature of the treatment that [Barbara E.] has received, her activities of daily living, and the opinions of DDS consultants, in part." Tr. 28. The ALJ thus "explain[ed] how substantial evidence supports his conclusion as to [Barbara E.'s] CPP abilities in a work setting." *Terri S. v. Saul*, Civil No. DLB-19-3607, 2021 WL 168456, at *2 (D. Md. Jan. 19, 2021) (Boardman, J.), *reconsideration administrative denied sub nom. Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960 (D. Md. Nov. 18, 2021); *see Shinaberry*, 952 F.3d at 121 (holding that ALJ's finding that limited claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for claimant's mental limitations where ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence); *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (rejecting argument that remand was required under *Mascio* because ALJ failed to specifically account for claimant's moderate difficulties with regard to concentration, persistence and pace, because more detailed medical findings provided substantial support for RFC limitations).

The Fourth Circuit's reasoning in *Sizemore* "did not depend upon whether the ALJ 'adopted' a particular medical source opinion in whole or in part." *Terri S.*, 2021 WL 168456, at *3. Rather, the Fourth Circuit in *Sizemore* was concerned with whether substantial evidence supported the ALJ's RFC determination. *Id.*; *see Sizemore*, 878 F.3d at 80-81. "The ALJ's

discussion of [the state agency psychological consultants' opinions] with respect to [Barbara E.'s] work capabilities and her mental limitations makes clear the ALJ relied on substantial evidence in finding that [her] moderate CPP limitation did not require other RFC limitations." *Terri S.*, 2021 WL 168456, at \*4 (citing *Sizemore*, 878 F.3d at 81). Because the ALJ applied correct legal standards and made findings supported by substantial evidence, Barbara E.'s argument that remand is warranted under *Mascio* is without merit.

Third, Barbara E. maintains that the ALJ failed to explain how, despite her moderate limitation in CPP, she would be productive or remain on task for 90% of an eight-hour workday. ECF No. 11-1 at 9-11. The VE testified that an employer would tolerate off-task behavior amounting to only 10% of the time at work. Tr. 74-75. The ALJ, however, did not ultimately include such a limitation in Barbara E.'s RFC. "Indeed, the 'ALJ is not required to accept the vocational expert's opinion for a hypothetical based on limitations that the ALJ did not include in the [residual functional capacity].'" *Brian S. v. Saul*, No. 3:20CV065 (JAG), 2021 WL 748087, at \*13 (E.D. Va. Feb. 10, 2021) (quoting *Prim v. Colvin*, No. 7:14CV00135, 2015 WL 4757104, at \*4 (W.D. Va. Aug. 11, 2015)), *report and recommendation adopted*, No. 3:20CV65, 2021 WL 744149 (E.D. Va. Feb. 25, 2021); *see Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Instead, the ALJ found that, despite Barbara E.'s moderate limitation in CPP, she retained the ability "to understand and remember simple, routine instructions and carry out repetitive tasks" and "to make simple, work-related decisions" (Tr. 21, 22). *See Shinaberry*, 952 F.3d at 121; *Sizemore*, 878 F.3d at 80-81. "Accordingly, the ALJ did not err by failing to explain how [Barbara E.] possessed the ability to concentrate, persist, and maintain pace throughout an eight-hour workday with only a [ten] percent loss of productivity, because the ALJ did not make such a finding." *Brian S.*, 2021 WL 748087, at \*13.

Fourth, Barbara E. contends that the Court should remand this case because the ALJ failed to evaluate properly pertinent evidence. ECF No. 11-1 at 6-8. The state agency psychological consultant at the reconsideration level, Joseph Leizer, Ph.D., opined in June 2019 that, among other things, Barbara E. "would be expected to understand and remember simple, one and two-step instructions." Tr. 107. According to Barbara E., the ALJ found Dr. Leizer's opinions to be persuasive (Tr. 27), but the ALJ erred in failing to include in his RFC assessment any limitation related to Dr. Leizer's opinion that she could only understand and remember simple, one- and two-step instructions (ECF No. 11-1 at 6). Barbara E.'s argument is without merit, however, because the Fourth Circuit rejected this reasoning in *Sizemore*. *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at \*3 (D. Md. Sept. 15, 2021) (Gallagher, J.) (citing *Sizemore*, 878 F.3d at 80-82); *see Tameka P. v. Kijakazi*, Civil No. TJS-21-95, 2022 WL 444201, at \*3 (D. Md. Feb. 14, 2022).

Plaintiff further maintains that all the occupations identified by the VE involve reasoning level two, which she argues is outside the range of work that Dr. Leizer determined that she could perform. ECF No. 11-1 at 6-7. Her argument lacks merit because Dr. Leizer also found that, despite Barbara E.'s moderate limitation in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, she was "able to carry out *simple* and some detailed *instructions*" (Tr. 108), which is compatible with occupations involving level-two reasoning. *See Shuronn S. v. Kijakazi*, Civil No. TJS-20-3756, 2022 WL 391434, at \*4 (D. Md.

Feb. 9, 2022). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Remand on this basis is thus not warranted.

Last, Barbara E. argues that the ALJ did not properly evaluate her subjective complaints. ECF No. 11-1 at 15-21. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Barbara E.'s subjective complaints. The ALJ first found that Barbara E.'s medically determinable impairments could reasonably be expected to cause her alleged symptoms. Tr. 25. The ALJ then proceeded to consider Barbara E.'s allegations in concert with the other evidence in the record, including Barbara E.'s statements about her symptoms over time, the extent of her daily activities, the opinion evidence, and the objective evidence in the record. Tr. 20-28. In considering the totality of the evidence, the ALJ explained his finding that Barbara E.'s statements about the severity of her symptoms could not be completely reconciled with other persuasive evidence. Weighing all of the evidence, the ALJ found that Barbara E.'s impairments are not disabling and that she can perform work with the limitations contained in the RFC.

"Where the ALJ did consider [Barbara E.'s] full treatment history, as is clear here, it is not proper on appeal for the Court to reweigh such evidence." *Carollyn S. v. Kijakazi*, Civil Action No. ADC-20-2552, 2021 WL 4170431, at *9 (D. Md. Sept. 14, 2021). And Barbara E. "cannot rely exclusively on subjective evidence to prove that her mental impairments prevent her from working a full eight-hour day." *Carolyn G. v. Kijakazi*, Civil Action No. ADC-20-1363, 2021 WL 2982129, at *5 (D. Md. July 15, 2021). "Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [Barbara E.'s] alleged symptoms with objective evidence as just one component of the

assessment." *Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *2 (D. Md. Feb. 8, 2021) (citation omitted). "Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [Barbara E.'s] symptoms, this argument is without merit." *Id.* Substantial evidence supports the ALJ's evaluation of Barbara E.'s subjective complaints.

In short, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Barbara E.'s Motion for Summary Judgment (ECF No. 11) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 14) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge